UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

**NOV 16 2022**

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. S2-4:21 CR 566 RLW NAB |
| v. | ) | |
| | ) | |
| JAHEIM YOUNG, | ) | |
| JARON TATE | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND SUPERSEDING INDICTMENT**

**COUNT ONE**
**(Possession With Intent to Distribute)**

The Grand Jury charges that:

On or about June 8, 2020, in the City of St. Louis, within the Eastern District of Missouri,

**JAHEIM YOUNG,**

the Defendant herein, aiding and abetting other persons known and unknown to the Grand Jury, did knowingly and intentionally possess, with the intent to distribute, 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance drug.

In violation of Title 21, United States Code Section 841(a)(1), and Title 18, United States Code, Section 2, and punishable under Title 21, United States Code, Section 841(b)(1)(B).

**COUNT TWO**
**(Possession of Firearms in Furtherance of Drug Trafficking)**

The Grand Jury further charges that:

On or about June 8, 2020, in the City of St. Louis, within the Eastern District of Missouri,

**JAHEIM YOUNG,**

the Defendant herein, aiding and abetting other persons known and unknown to the Grand Jury, did knowingly possess one or more firearms in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, that is, to possess with the intent to distribute one or more controlled substances, namely fentanyl, as set forth in Count One.

In violation of Title 18, United States Code, 924(c)(1), and Title 18, United States Code, Section 2, and punishable under Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT THREE
### (Receiving a Firearm While Under Indictment)

The Grand Jury further charges that:

On or about March 3, 2021, in the City of St. Louis, within the Eastern District of Missouri,

### JAHEIM YOUNG,

the Defendant herein, knowingly received a firearm, knowing he was under indictment for a crime punishable by a term of imprisonment exceeding one year, and the firearm previously traveled in interstate or foreign commerce during or prior to being in the Defendant's possession.

In violation of Title 18, United States Code, Section 922(n).

## COUNT FOUR
### (Receiving a Firearm While Under Indictment)

The Grand Jury further charges that:

On or about May 21, 2021, in the City of St. Louis, within the Eastern District of Missouri,

### JAHEIM YOUNG,

the Defendant herein, knowingly received a firearm, knowing he was under indictment for a crime punishable by a term of imprisonment exceeding one year, and the firearm previously traveled in interstate or foreign commerce during or prior to being in the Defendant's possession.

In violation of Title 18, United States Code, Section 922(n).

## COUNT FIVE
### (Possession With Intent to Distribute)

The Grand Jury further charges that:

On or about July 18, 2021, in the City of St. Louis, within the Eastern District of Missouri,

### JAHEIM YOUNG,

the Defendant herein, did knowingly and intentionally possess, with the intent to distribute, a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance drug.

In violation of Title 21, United States Code Section 841(a)(1).

## COUNT SIX
### (Possession of A Firearm in Furtherance of Drug Trafficking)

The Grand Jury further charges that:

On or about July 18, 2021, in the City of St. Louis, within the Eastern District of Missouri,

### JAHEIM YOUNG,

the Defendant herein, did knowingly possess a firearm in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, that is, to possess with the intent to distribute one or more controlled substances, namely fentanyl, as set forth in Count Five.

In violation of Title 18, United States Code, 924(c)(1).

## COUNT SEVEN
### (False Statements in the Acquisition of a Firearm)

The Grand Jury further charges that:

On or about September 11, 2021, in St. Louis County, within the Eastern District of Missouri,

### JARON TATE, and
### JAHEIM YOUNG,

the Defendants herein, aiding and abetting each other, and counseling, commanding, inducing and procuring the commission of the offense, in connection with the acquisition of one or more firearms, from Mid America Arms, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, knowingly made a false and/or fictitious written statement to Mid America Arms, which statement was intended and likely to deceive Mid America Arms, as to a fact material to the lawfulness of such sale of the said firearm to Defendant under Chapter 44 of Title 18, United States Code, in that Defendant Tate did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, to the effect that Defendant Tate was the actual buyer of the firearm indicated on the Form 4473, when in fact, as Defendants then knew, Defendant Tate was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT EIGHT
### (False Statements in the Acquisition of a Firearm)

The Grand Jury further charges that:

On or about September 24, 2021, in St. Louis County, within the Eastern District of Missouri,

**JARON TATE, and**
**JAHEIM YOUNG,**

the Defendants herein, aiding and abetting each other, and counseling, commanding, inducing and procuring the commission of the offense in connection with the acquisition of one or more firearms, from Mid America Arms, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, knowingly made a false and/or fictitious written statement to Mid America Arms, which statement was intended and likely to deceive Mid America Arms, as to a fact material to the lawfulness of such sale of the said firearm to Defendant Tate under Chapter 44 of Title 18, United States Code, in that Defendant Tate did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the firearm indicated on the Form 4473, when in fact, as Defendant Tate then knew, he was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Section 922(a)(6) and 2.

## COUNT NINE
### (Possession With Intent to Distribute)

The Grand Jury further charges that:

On or about October 22, 2021, in the City of St. Louis, within the Eastern District of Missouri,

**JAHEIM YOUNG,**

the Defendant herein, did knowingly and intentionally possess, with the intent to distribute, a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance drug.

In violation of Title 21, United States Code Section 841(a)(1).

## COUNT TEN
### (Possession of A Firearm in Furtherance of Drug Trafficking)

The Grand Jury further charges that:

On or about October 22, 2021, in the City of St. Louis, within the Eastern District of Missouri,

**JAHEIM YOUNG,**

the Defendant herein, did knowingly possess a firearm in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, that is, to possess with the intent to distribute one or more controlled substances, namely fentanyl, as set forth in Count One.

In violation of Title 18, United States Code, 924(c)(1).

## COUNT ELEVEN
### (Receiving a Firearm While Under Indictment)

The Grand Jury further charges that:

Between on or about September 11, 2021 to October 22, 2021, within the Eastern District of Missouri,

### JAHEIM YOUNG,

the Defendant herein, knowingly received one or more firearms, knowing he was under indictment for a crime punishable by a term of imprisonment exceeding one year, and the firearm previously traveled in interstate or foreign commerce during or prior to being in the Defendant's possession.

In violation of Title 18, United States Code, Section 922(n).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.      Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count One, the defendant shall forfeit to the United States of America any property, constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

2.      Subject to forfeiture is a sum of money equal to the total value of any property, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation set forth in Count One.

3.      Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 922(n), 922(a)(6), or 924(c)(1) as set forth in Counts Two through Six, the defendants shall forfeit to the United States of America any firearm or ammunition involved in or used in said violations.

4.      Specific property subject to forfeiture includes, but is not limited to, the following:

a.      Forjas Taurus S.A., 1911 Commander, .45 Auto Caliber Pistol;

      b.      Glock 20 10 mm Auto Caliber Pistol;

      c.      Glock 21 .45 Auto Caliber Pistol;

      d.      Zastava PAP M92V7, 7.62x39mm Pistol;

      e.      Noreen Firearms BBN223F 5.56/.223 Pistol;

      f.      Palmetto State Armory, PA-15 model .300 Blackout Pistol;

      g.      Glock 21 .45 Auto Caliber Pistol;

      h.      Romarm/Cugir Mini Draco 7.62 Caliber Pistol;

      i.      Armory USA 7.62 Caliber Pistol;

      j.      Glock GMBH 23 .40 Caliber Pistol;

      k.      Glock GMBH 20 10 mm Pistol; and

      l.      Miscellaneous Magazines and Ammunition.

5.      If any of the property described above, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                         A TRUE BILL

                         _____

                         FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
MICHAEL A. REILLY, #43908MO
Assistant United States Attorney